UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SHAWN BELL,

    Plaintiff,

v.

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND—
NORTHERN DIVISON,
and
FELICIA C. CANNON—the Clerk of Courts,

    Defendants.

Civil Action No. TDC-15-0489

**MEMORANDUM ORDER**

On February 20, 2015, Plaintiff Shawn Bell ("Bell") filed a Complaint alleging that the Northern Division of this Court discriminated against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* ECF No. 1. That same day, she also filed a Motion for Leave to Proceed In Forma Pauperis. ECF No. 2. For the reasons outlined below, Bell's Motion for Leave to Proceed In Forma Pauperis is GRANTED, and the case is DISMISSED.

**DISCUSSION**

Bell asserts that she is entitled to protection under the ADA because she "suffered Traumatic Brain Injury" and continues to have "pain, paralysis, amnesia, incomplete thoughts" and mobility difficulties. Compl. at 2; *Id.* Ex. 1A at 1, ECF No. 1-1. She alleges that in prior

cases she filed in this District,[1] the Court was required under the ADA to appoint her counsel but failed to do so, that judges have issued "unjust" and "bias[ed]" orders against her, and that judges have "tak[en] advantage of [her] disability by dismissing [her] cases." Compl. at 2. She also alleges that court clerks "purposely enter wrong info[rmation] in the docket" in her cases, fail to date-stamp documents or mail orders to her, refuse to submit her appeals to the United States Court of Appeals for the Fourth Circuit,[2] and send her judicial orders without signatures. *Id.* She concludes that the Court and the clerks have repeatedly taken advantage and "made [a] mockery" of her disability. *Id.* As a result of this alleged discrimination, Bell filed this suit against the Northern Division of the United States District Court for the District of Maryland and the Clerk of the Court asking for monetary damages in the amount of $750,000.00 and an order that unspecified judges recuse themselves from her cases. *Id.* at 3.

Turning first to Bell's Motion for Leave to Proceed In Forma Pauperis, based on the information Bell provides, she appears to be indigent. Mot. at 1-2. Her Motion is therefore

---

[1] The instant Complaint is the 17th case Bell has filed in this Court since July 2014. *See Bell v. Maryland MTA Police, et al.*, Civil Action No. GJH-14-2254 (D. Md.); *Bell v. MCIW, et al.* Civil Action No. GJH-14-2255 (D. Md.); *Bell v. MCIW*, Civil Action No. ELH-14-2339 (D. Md.); *Bell v. Baynes, et al.*, Civil Action No. ELH-14-2340 (D. Md.); *Bell v. DHMH Eastern Shore Hospital*, Civil Action No. ELH-14-2341 (D. Md.); *Bell v. Woodlawn Police Dep't., et al.*, Civil Action No. ELH-14-2342 (D. Md.); *Bell v. MTA Police, et al.* Civil Action No. ELH-14-2343 (D. Md.); *Bell v. Cecil County*, Civil Action No. ELH-14-2344 (D. Md.); *Bell v. Office of Public Defender*, Civil Action No. ELH-14-2345 (D. Md.); *Bell v. Probation Office*, Civil Action No. ELH-14-2346 (D. Md.); *Bell v. Cecil County State Attorney's Office*, Civil Action No. ELH-14-2347 (D. Md.); *Bell v. Cecil County Clerk of the Courts, et al.*, Civil Action No. ELH-14-2348 (D. Md.); *Bell v. Cecil County Sheriff Dep't.*, Civil Action No. ELH-14-2349 (D. Md.); *Bell v. Maryland MTA Police, et al.*, Civil Action No. RDB-14-4048 (D. Md.); *Bell v. Catholic Charities USA Headquarters/Affiliates, et al.*, Civil Action No. GLR-15-0247 (D. Md.); and *Bell v. Alt, et al.*, Civil Action No. ELH-15-0248 (D. Md.).

[2] The Fourth Circuit docket indicates that Bell filed appeals in *Bell v. Baynes, et al.*, Civil Action No. ELH-14-2340 (D. Md.), and *Bell v. Office of the Public Defender*, Civil Action No. ELH-14-2345 (D. Md.).

granted. *See* 28 U.S.C. § 1915(a)(1) (authorizing courts to allow indigent parties to proceed "without prepayment of fees").

28 U.S.C. § 1915 instructs district courts that they "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-prisoner *pro se* litigants). Here, because Bell is proceeding *pro se* and *in forma pauperis*, the Court must screen her Complaint to determine if her case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because Bell alleges that she was discriminated against by the Northern Division of this Court and the Clerk of the Court as a result of her disability, the Court construes her Complaint as one made pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which creates a counterpart to 42 U.S.C. § 1983 for claims against federal officers. *See Carlson v. Green*, 446 U.S. 14, 18 (1980) (explaining that *Bivens* "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right"). However, Bell's *Bivens* action, even construed liberally, cannot provide any basis for relief.

On the claim against the Court itself, the Supreme Court has made clear that there is no *Bivens* cause of action against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-85 (1994)

(explaining that the Court in *Bivens* allowed a plaintiff to file suit against individual officers "*because* a direct action against the Government was not available.") (emphasis in original). Bell therefore cannot state a claim against the Court on which relief can be granted. To the extent that Bell's Complaint can be construed as an action against various individual judges, there would be no basis for monetary relief because judges are entitled to absolute immunity for their judicial acts. *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982) (emphasizing that it is "well settled" that judges have absolute immunity to suit for acts they take in the exercise of their judicial function). To the extent Bells seeks recusal of a judge in a particular case, that issue may be addressed in that specific case, not in a separate lawsuit of this nature.

Bell also sues Felicia C. Cannon in Cannon's official capacity as the Clerk of the Court. The Supreme Court has held that, in a suit for monetary damages, federal officials acting in their official capacities are not "persons" for purposes of a *Bivens* action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see Iqbal*, 556 U.S. at 675-76 (explaining that *Bivens* suits are the "federal analog" of § 1983 suits). Bell's suit against Cannon in her official capacity as the Clerk of the Court therefore also fails to state a claim on which relief can be granted.

Accordingly, because Bell fails to state a claim on which relief can be granted against any Defendants, the Court is required under 28 U.S.C. § 1915(e)(2) to dismiss her case.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED. The Clerk shall close the case.

Date: March 20, 2015

THEODORE D. CHUANG
United States District Judge